**Larry MASI, Appellant,**

v.

**Judy SCHEEL, Appellee.**

**No. 05–85–01408–CV.**

Court of Appeals of Texas, Dallas.

Feb. 23, 1987.

D. Woodard Glenn, Dallas, for appellant.

George Bienfang, Dallas, and Richard Tanner, Plano, for appellee.

Before McCLUNG, BAKER and McCRAW, JJ.·

ON MOTION FOR REHEARING

BAKER, Justice.

Our former opinion of December 23, 1986 is withdrawn and the following is substituted.

Larry Masi (Masi) appeals an adverse judgment based on an oral settlement agreement. Masi brings two points of error, as follows: (1) the oral settlement agreement was unenforceable as a matter of law under Rule 11 of the Texas Rules of Civil Procedure, and (2) the trial court improperly admitted evidence of Masi's wife's criminal conviction. We overrule both points of error and affirm the judgment of the trial court.

Judy Scheel (Scheel) sued Masi for damages for assault and battery and breach of employment contract. These causes of action were contained in her original petition filed in April 1984. Thereafter, in June 1985 Scheel filed her first amended original petition. At that time she added as an alternate cause of action an oral settlement agreement between herself and Masi wherein Masi agreed to pay $100,000 to her

in compensation for all damages suffered in connection with the events which were the subject of the law suit. In July 1985 Masi filed his fourth amended original answer and fourth amended cross-action. This pleading contained a general denial, special exceptions to "Plaintiff's Original Petition", and a special denial that Masi was liable in the capacity in which he was sued, but this pleading contained no denial of the oral agreement either by specific denial or by way of rule 11, Texas Rules of Civil Procedure, or equivalent language.

■ Masi's first point of error asserts that the oral settlement agreement made while the suit was pending was unenforceable under rule 11.

Rule 11 specifically provides:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed, and filed with the papers as part of the record, or less it be made in open court and entered of record.

Masi contends that the recent Texas Supreme Court decision in *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984) is conclusive of the issues presented in this case concerning the enforceability of oral settlement agreements. In *Kennedy*, the plaintiff amended his petition and sought judgment based on breach of an oral settlement agreement. In *Kennedy* the defendant amended his answer to deny entering into any settlement agreement, and to point out the non-compliance of any alleged agreement with rule 11, Texas Rules of Civil Procedure. *Kennedy*, 682 S.W.2d at 526. (Masi emphatically contends in his motion for rehearing that it did not appear that Kennedy ever pleaded rule 11 as an affirmative defense. This assertion is not factually correct).

As stated Masi did not include in his amended answer any denial of the settlement agreement nor was there any pleading pointing out the noncompliance of any alleged agreement with rule 11, Texas Rules of Civil Procedure.

We agree with Masi that *Kennedy* is controlling in this situation, but we disagree with Masi's conclusion with respect to the import of the Supreme Court's opinion in *Kennedy*.

After an exhaustive review of the legislative and judicial history of rule 11, the Supreme Court observed that rule 11 insures that such agreements [oral settlement agreements] do not themselves become sources of controversy, impeding resolution of suits. The requirements of rule 11 are not onerous; the benefits are substantial. *Kennedy*, 682 S.W.2d at 530.

The court then pointed out that Kennedy's pleadings clearly, emphatically and unequivocally denied entering into any oral settlement agreement. The court then held the oral agreement was disputed and unenforceable at the moment its existence *was denied in the pleadings;* rule 11 prohibits further inquiry. *Kennedy*, 682 S.W.2d at 530 (emphasis added). Such is not the case here, as the record is clear that Masi did not deny the oral agreement in his pleadings, either by way of special denial, or by way of rule 11, or equivalent language. We construe *Kennedy* to mean the pleading of noncompliance with rule 11 by a party prohibits further inquiry into the oral agreement in question. We hold, whether or not the oral agreement itself is denied, the failure to plead the requirements of rule 11 is a waiver of its benefits. Masi's point of error number one is overruled.

■ In his second point of error Masi contends the trial court erred in permitting testimony regarding his wife's criminal conviction for assault against the plaintiff since that conviction was on appeal. It appears from the record that no objection to such testimony was made at the time it was offered and introduced. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make. TEX.R. EVID. 103; TEX.R.APP.P. 52. Masi, having failed to object, preserved no error for this appeal. Point number two is overruled.

We affirm the judgment of the trial court.

McCRAW, J., dissents.

## ORDER

BAKER, Justice.

In accordance with this Court's opinion of this date, the motion for rehearing by appellant, Larry Masi, is OVERRULED.