**In re Jose Luis ACEVEDO and Lili Araceli Acevedo.**

**No. 04–97–00685–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 19, 1997.

Roy R. Barrara, Jr., Nicholas & Barrera, P.C., San Antonio, for Appellant.

Carl J. Kolb, Carl J. Kolb, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and GREEN, JJ.

## OPINION

HARDBERGER, Chief Justice.

The relators, Jose Luis Acevedo and Lili Araceli Acevedo (the "Acevedos"), seek mandamus relief from an order disqualifying Philip G. Bernal ("Bernal") from representing the Acevedos in an action against Walter Evans ("Evans"). We conclude that the trial court abused, its discretion in disqualifying Bernal based on the disqualification of the other attorneys in Bernal's law firm due to their status as potential witnesses. Therefore, we conditionally grant the writ of mandamus, and we order the trial court to withdraw its orders disqualifying Bernal.

### FACTUAL AND PROCEDURAL HISTORY

The Acevedos sued Evans for actions taken by Evans while employed as an investigator for the law firm of Kugle, Byrne & Alworth. Kugle, Byrne & Alworth previously represented the Acevedos in a workers' compensation case. Evans testified against the Acevedos, at a venue transfer hearing, contending that Kugle, Byrne & Alworth and the Acevedos had fabricated evidence in an effort to maintain venue of the workers' compensation action in Zavala County. The Acevedos contended that Evans's testimony was fraudulent and constituted a breach of confidence.

The Acevedos were originally represented in their action against Evans by Kugle,

Byrne & Alworth. Evans filed a motion to disqualify the law firm. On September 6, 1995, the law firm sent a letter to Evans's attorney confirming the firm's agreement to withdraw as attorneys of record in exchange for Evans's agreement to drop the hearing on the motion to disqualify. The letter states:

> [W]e will agree to withdraw as attorneys of record for Plaintiffs Jose Acevedo and Lili Acevedo in the above-mentioned Bexar County cause.... It is my further understanding that based upon these agreements you will drop the hearing on the Motion to Disqualify set for tomorrow morning.

On or about October 6, 1995, the law firm filed a motion to withdraw as counsel requesting permission to withdraw "pursuant to an agreement between the parties." The motion was granted the same day.

In February of 1997, Philip Bernal joined the law firm of Kugle, Alworth & Noe. It is not clear from our record when the law firm first changed its name from Kugle, Byrne & Alworth; however, sometime after Bernal joined the firm, the name changed again to Kugle, Alworth, Noe, Ford & Bernal. In March of 1997, Evans non-suited the law firm and Robert Kugle against whom Evans had previously filed a third party claim.

On August 15, 1997, the parties to the suit appeared before Judge Charles Barrow on a motion to compel discovery. At that hearing, Bernal sought to appear as co-counsel to represent the Acevedos. Evans's attorney objected, asserting that Bernal was disqualified under the lawyer as witness rule and under the parties' rule 11 agreement pursuant to which the law firm had agreed to withdraw from the representation. Judge Barrow ruled that Bernal was disqualified based on the disqualification of the other members of his firm who were to appear as witnesses. Judge Barrow concluded: "if a

lawyer is disqualified, his firm is disqualified."

On August 22, 1997, the parties appeared before Judge Barrow for reconsideration of his ruling on the disqualification. Judge Barrow denied the motion to reconsider, asserting:

> I'm convinced that Walter Evans was a representative of the Kugle law firm when it went to Crystal City and made that. I'm convinced no one with the Kugle law firm can represent [the Acevedos]. They ought to be a witness.

## STANDARD OF REVIEW

■ Mandamus is appropriate for reviewing orders on motions to disqualify. *National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996). To obtain mandamus relief, the Acevedos must show that the trial court's ruling was an abuse of discretion. *Id.* at 128. With respect to factual issues, an abuse of discretion is shown when the record establishes that "the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). However, "a trial court has no 'discretion' in determining what the law is or in applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840.

## THE LAWYER AS WITNESS RULE

The Texas Supreme Court has repeatedly recognized that rule 3.08 of the Texas Disciplinary Rules of Professional Conduct "articulates considerations relevant to a procedural disqualification· determination," and the Court has repeatedly applied rule 3.08 as the standard for disqualification decisions. *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990); *see also Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex.1996); *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 658 (Tex.1990); *Spain v. Montalvo*, 921 S.W.2d 852, 854–56 (Tex.App.— San Antonio 1996, orig. proceeding [leave denied] ). In his response, Evans contends that he "urged and urges that Bernal, and the entire Kugle firm, is disqualified based on another, higher standard." Although the record belies Evans's contention that he "urged ... another, higher standard" before the trial court, we consider whether such a standard should be applied in determining whether the trial court abused its discretion.

■ In *Anderson Producing, Inc. v. Koch Oil Co.*, the Texas Supreme Court noted that a disqualification standard other than rule 3.08 might be applied under appropriate circumstances. 929 S.W.2d 416, 422 (Tex.1996). In determining whether a higher standard would be appropriate, we turn to the policy considerations underlying rule 3.08 to evaluate whether those policy concerns would be further advanced by the application of a higher disqualification standard in this case. These policy reasons include: "(1) the attorney may be more impeachable for interest and, therefore, a less effective witness; (2) the attorney's role as advocate may handicap the opposing counsel in challenging the credibility of the attorney; (3) it may place the testifying advocate in the unseemly and ineffective position of arguing his own credibility; and (4) the role of advocate and witness are inconsistent because the function of an advocate is to advance his client's cause and that of a witness is to state facts objectively, and it may be unclear to the fact finder whether a statement by the testifying attorney should be taken as proof or as an analysis of the proof." *Spain v. Montalvo*, 921 S.W.2d at 856 (quoting *Warrilow v. Norrell*, 791 S.W.2d 515, 521 n. 6 (Tex.App.—Corpus Christi 1989, writ denied); TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 & cmt. 4 (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1997)(State Bar Rules art. X, § 9). It is readily apparent from reviewing these considerations that the rule is focused on the implications of allowing an attorney to serve as both witness and advocate. In adopting the rule, the State Bar recognized that these policy concerns were not applicable where another lawyer in the testifying lawyer's firm served as the advocate, commenting "[e]ven in those situations [where one lawyer will be a witness], however, another lawyer in the testifying lawyer's firm may act as an advocate, provided the client's

informed consent is obtained." TEX. DISCI-PLINARY R. PROF. CONDUCT 3.08 cmt. 8. In such a situation, the legal process is not suspect because the testifying attorney is relying on another advocate to ask the pertinent questions and elicit the testimony in the light most favorable to the client's case. This is the same role the advocating attorney would take regardless of the witness's identity. Therefore, although the Texas Supreme Court has indicated that a higher disqualification standard may be applicable under appropriate circumstances, we do not believe that the Texas Supreme Court meant to apply a higher standard under the circumstances in this case, where the issue is the disqualification of another attorney in the testifying attorney's firm and not the disqualification of the testifying attorney.

■ Under rule 3.08, disqualification of an attorney who is or may be a witness does not disqualify other attorneys in that attorney's law firm, provided the client's informed consent is obtained. TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 cmt. 8; *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d at 425; *Spears v. Fourth Court of Appeals*, 797 S.W.2d at 658; *Ayres v. Canales*, 790 S.W.2d at 558. The affidavit of Jose Acevedo, which was attached to the Acevedos' "Motion to Reconsider Ruling on Plaintiffs' Motion to Appear as of [sic] Co–Counsel," acknowledges his informed consent to Bernal's representation.[2] Therefore, Bernal was not subject to disqualification under rule 3.08 based on the disqualification of the other attorneys in his law firm, and the trial court abused its discretion in applying an erroneous interpretation of the law.

At the end of the hearing on the Acevedos' motion to reconsider, Evans's attorney

sought to bolster his argument under rule 3.08 by contending that Bernal was a potential witness, as follows:

> MR. KOLB: Your Honor, I have one further comment and then I'm through. When we went over to Mr. Barrera's office to discuss the discovery on that Friday, August 15th [the day of the initial hearing], Mr. Bernal told me that he knew of five or six—and I quote, reasons why my client did this [testified against the Acevedos] other than to simply tell the truth about a fraud or a crime that was being committed.

> MR. BERNAL: Your Honor, may I object? May I speak to that?

> THE COURT: I'm not really paying attention to that. What is said over there—

> MR. KOLB: I think that makes him a witness. That's all I have to say.

> MR. BERNAL: You call me then.

> MR. KOLB: I just may.

> MR. BERNAL: Do it.

> THE COURT: At any rate I will strike that, for the record, please.

> MR. BARRERA: That has nothing to do with the case.

> THE COURT: It has nothing to do with the case. That was his last comment. You have the right to close the argument.

> * * * * * * * * * * * * *

> MR. BARRERA: You want an order on today on overruling the motion for reconsideration.

> THE COURT: The motion for rehearing and motion for continuance based thereon. Put it on the same order.

---

**2.** Evans contends in his brief that the affidavit was not filed at the time of the hearing. However, the motion is file-stamped on the same day as the hearing, and Mr. Barrera states that the motion had been filed, which the trial court appeared to acknowledge as follows:

> THE COURT: Mr. Barrera, am I correct, my impression of the pleadings of what this is, is a related motion for rehearing, or what do you have? What do you have?

> MR. BARRERA: Yes, sir. I have filed a motion asking this Honorable Court to reconsider the Court's ruling on this Court's order disquali-

fying Mr. Phil Bernal. . . . Therefore, the record does not support Evans's contention. Furthermore, we note that whether proof of the client's consent is necessary to avoid disqualification is subject to question. *See Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d at 424 (noting that party lacked standing to challenge adequacy of consent, which is a matter to be resolved between the lawyer and client or in a subsequent disciplinary proceeding); *see id.* at 430 (Owens, J., dissenting)(asserting that the client's consent is immaterial in a disqualification proceeding).

MR. KOLB: Here is the order right here. We can add in—

MR. BERNAL: Your Honor, may I ask something of the Court, since Mr. Kolb has already indicated to this Court that I may be potentially a witness, I would like an affirmation from the Court that my involvement in this case is subject to the attorney/client privilege, even though I cannot be an advocate.

THE COURT: I can't rule on the evidence. You may want to testify. I don't know, but at any rate the trial judge who tries this is going to rule on who can testify and who can't. If he calls you, ask to take that out of the presence of the jury; you can do that. I can't rule now on who can testify and who can't.

Rule 3.08 is not to be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice. TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 cmt. 10 (1989); *Spears,* 797 S.W.2d at 658. Thus, a lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. TEX. DISCIPLINARY R. PROF. CONDUCT 3.08 cmt. 10 (1989); *Spears,* 797 S.W.2d at 658. Bernal's knowledge regarding the events relating to the lawsuit against Evans appear to be based on his involvement as counsel in the case, not on personal knowledge. Therefore, it would appear that calling Bernal as a witness would be unnecessary because he does not have personal knowledge of the events, and Kolb's effort to call Bernal would be an abuse of rule 3.08. In any event, Kolb's passing threat does not support disqualification. *Spears,* 797 S.W.2d at 658 (disqualification improper where likelihood of calling lawyer as witness is speculative and remote).

RULE 11 AGREEMENT

■ The second ground upon which Evans asserted Bernal should be disqualified was the Rule 11 agreement.[3] A rule 11 agreement must be interpreted by the trial court based on the intention of the parties from the language of the entire agreement in light of the surrounding circumstances, including the state of the pleadings, the allegations therein and the attitude of the parties in respect of the issues. *See Shepherd v. Ledford,* 926 S.W.2d 405, 410 (Tex.App.—Fort Worth 1996, writ granted); *Herschbach v. City of Corpus Christi,* 883 S.W.2d 720, 734 (Tex.App.—Corpus Christi 1994, writ denied); *Discovery Operating, Inc. v. Baskin,* 855 S.W.2d 884, 886–87 (Tex.App.—El Paso 1993, orig. proceeding); *Mann v. Fender,* 587 S.W.2d 188, 202 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). The trial court's determination of the parties' intent should be reviewed like a factual determination and should only be held to be an abuse of discretion if the trial court "could reasonably have reached only one decision." *See Walker v. Packer,* 827 S.W.2d at 840.

■ Although it could be argued that Judge Barrow *could* have determined that the parties intended for the rule 11 agreement to preclude Bernal's representation, it is clear from the record before us that Judge Barrow did not even consider the parties' intent because he based his decision on rule 3.08. Although a trial court cannot abuse its discretion if it reaches the right result, even for the wrong reason, *see Hawthorne v. Guenther,* 917 S.W.2d 924, 931 (Tex.App.—Beaumont 1996, writ denied); *Luxenberg v. Marshall,* 835 S.W.2d 136, 141–42 (Tex.App.—Dallas 1992, orig. proceeding), in this case, we have *no* result because *no* factual determination was made by Judge Barrow.

3. In his brief, Evans argues that the Acevedos waived any defenses to the enforceability of the rule 11 agreement by failing to specifically plead such defenses citing *Masi v. Scheel,* 724 S.W.2d 438 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). In *Masi,* the appellant contended that an oral settlement agreement was unenforceable because it failed to comply with rule 11 of the Texas Rules of Civil Procedure. 724 S.W.2d at 439. The court held that by failing to deny the oral agree-

ment in his pleadings, the appellant waived the requirement that the rule 11 agreement be in writing. *Id.* That is not the issue in this case. The Acevedos do not deny the existence of the agreement nor do they claim that the agreement is unenforceable because it fails to comply with rule 11. Rather, the Acevedos contend that the rule 11 agreement was never intended by the parties to preclude Bernal from representing them.

This court may not address disputed areas of fact in an original mandamus proceeding. *Davenport v. Garcia,* 834 S.W.2d 4, 24 (Tex.1992); *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). Therefore, we are not allowed to resolve the factual issue regarding the parties' intent. However, we are equally unable to reach a result in this proceeding by concluding that a hypothetically predicted result as to the finding Judge Barrow could have made would not have been unreasonable.

## NOTICE OF HEARING

In his final point in his response, Evans asserts that the absence of three-days notice justified the denial of the motion to enter appearance and motion to reconsider. In general, a party is entitled to three days notice before a hearing. TEX.R. CIV. P. 21. However, the trial court has the authority to shorten this time period. TEX.R. CIV. P. 21; *Petitt v. Laware,* 715 S.W.2d 688, 690 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). It is apparent from the following record excerpts that the trial court exercised this discretion:

> THE COURT: Now, on the 15th, by coincidence, I had two cases which had not had three-day notice. What happened was that I said, "You-all are here so we'll hear the evidence today and I will rule on the 18th." Actually, that's what my note comes back to me had. At any rate you are here today, and you've had three days notice, and I'm going to listen to you as long as you've got something to present. Then I'm going to rule.

> \* \* \* \* \* \* \* \*

> THE COURT: The three-day rule, nobody wants to present anything? We're through with the evidence?
>
> MR. BARRERA: Yes, sir.
>
> THE COURT: Do you have any evidence you want to present?
>
> MR. BARRERA: No, Your Honor.

Therefore, we disagree with Evans that the trial court's order disqualifying Bernal can be upheld due to the absence of three days notice because the record shows that the trial court exercised its discretion and shortened the notice period.

## CONCLUSION

Disqualification is a severe remedy, and courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Spears v. Fourth Court of Appeals,* 797 S.W.2d at 656. Because the trial court abused its discretion in disqualifying Bernal under rule 3.08 and because this record demonstrates that the trial court did not consider the rule 11 agreement as a basis for its ruling, we conditionally grant the writ of mandamus. The writ will only issue if the trial court fails to withdraw the orders disqualifying Bernal within ten days from the date of our opinion and order.

GREEN, J., dissenting.

GREEN, Justice, dissenting.

I agree with the majority that rule 3.08 of the Texas Disciplinary Rules of Professional Conduct does not require the disqualification of attorney Bernal in this case. However, I believe the trial court had an alternative ground for ordering Bernal out of the case.

The Rule 11 agreement wherein the Kugle law firm agreed to withdraw as the attorneys of record for the Acevedos can reasonably be interpreted to mean that lawyers subsequently hired by the law firm, like Bernal, would also be prohibited from participating in the case. And in the absence of any pleading or proof avoiding the effects of the Rule 11 agreement, the trial court was within its discretion to apply the agreement against Bernal. Simply because Judge Barrow stated an erroneous reason for disqualifying Bernal does not mean there was not another correct, although unarticulated, reason for doing so. Indeed, the ruling could have been made without articulating any reason at all.

Because I believe Judge Barrow acted within his discretion, I respectfully dissent.