heading for mandamus 



No. 04-01-00253-CV


IN RE MHI PARTNERSHIP, LTD.

d/b/a Plantation Homes 

Original Mandamus Proceeding



Arising from the 408th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CI-17100

Honorable Phylis Speedlin, Judge Presiding (1)


 

Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 6, 2002 


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED


 This original proceeding arises out of a lawsuit by Jackie L. and Catherine D. Davis
to recover damages for the defective construction and repair of their home. Relator MHI
Partnership, Ltd. d/b/a Plantation Homes constructed and sold the home in question. MHI
brings this mandamus proceeding challenging the trial court's denial of MHI's plea in
abatement and motion to compel arbitration. Because we hold the arbitration clause is
enforceable, we conditionally grant the writ of mandamus.

Background

 In connection with the construction and sale of the Davises' house, all parties signed
an earnest money contract dated October 30, 1996, containing an arbitration clause which
provides in part:

 ARBITRATION: ANY CONTROVERSY ARISING OUT OF OR
RELATING DIRECTLY OR INDIRECTLY TO THIS CONTRACT OR THE
CONSTRUCTION OR REPAIR OF THE HOME WHICH IS THE SUBJECT
OF THIS CONTRACT AND/OR THE PROPERTY, . . . SHALL BE
SETTLED BY ARBITRATION UNDER THE FEDERAL ARBITRATION
ACT . . . .


 MHI filed a motion to abate and to compel arbitration, citing the arbitration provision
in the October 30 earnest money contract. The Davises filed no written response to the
motion. They do not dispute that their claims for multiple defects in the plumbing and air
conditioning systems of the home fall within the scope of the arbitration agreement.
However, at a hearing on the motion, the Davises introduced a September 22, 1996 earnest
money contract they contend controls as to any arbitration agreement. On appeal, the
Davises contend: (1) the September 22 contract controls any arbitration; (2) the Federal
Arbitration Act does not apply because MHI failed to offer evidence the contract involved
interstate commerce; and (3) MHI is barred by laches from presenting its petition for writ of
mandamus. 

Standard for Mandamus Review


 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly
apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its
ruling is based on factual assertions unsupported by the record. Microsoft Corp. v. Manning,
914 S.W.2d 602, 607 (Tex. App.-Texarkana 1995, writ dism'd). The erroneous denial of
a motion to compel arbitration under the Federal Arbitration Act is reviewable by mandamus
because the harm of denying arbitration, that is, the time and cost of trial, is not capable of
remedy by appeal. In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998). 

The Controlling Contract

 We interpret the provisions of an unambiguous contract as a matter of law. City of
Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 517 (Tex. 1968). In doing so,
we examine the entire instrument so that none of the provisions is rendered meaningless.
R&P Enter. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex. 1980). "If a
written instrument is so worded that a court may properly give it a certain or definite legal
meaning or interpretation, it is not ambiguous." Id. 

 MHI's motion to compel arbitration is based on the October 30, 1996 contract signed
by all parties. The Davises say any arbitration must be based on an earlier contract signed
by the Davises on September 22, 1996. That contract states:

 This Contract shall become effective as of the date it is signed and accepted
by Seller's [MHI] management as indicated below; Buyer acknowledges and
agrees that Seller's sales representative who signs a copy of this Contract does
not have the authority to bind Seller and this Contract shall not be binding
upon Seller until such time as it is also executed by a representative of Seller's
management.

 

 The wording of the contract is unambiguous. The contract is not effective if signed
only by the sales representative and not by MHI's management representative. No MHI
management representative signed the September 22 contract; therefore, it never became
binding on MHI. (2) The controlling contract is the October 30, 1996 earnest money contract
signed by all parties.

Standard of Review for Enforcement of Arbitration 

 Having identified the controlling contract, we must determine whether an enforceable
arbitration agreement exists. Henry v. Gonzalez, 18 S.W.3d 684, 688 (Tex. App.-San
Antonio 2000, pet. dism'd by agmt.). (3) The party seeking arbitration has the initial burden
to come forward with summary proof that a valid arbitration agreement exists. In re Jebbia,
26 S.W.3d 753, 757 (Tex. App.-Houston [14th Dist.] 2000, orig. proceeding); Weekley
Homes, Inc. v. Jennings, 936 S.W.2d 16, 18 (Tex. App.-San Antonio 1996, writ denied).
The summary judgment proof should resolve any issues of enforceablity without creating
an issue of material fact. In re Jebbia, 26 S.W.3d at 757. The party opposing arbitration
must then come forward with some ground for revocation of the agreement or some evidence
supporting every element of a defensive claim that the agreement is unenforceable. Id.;
Henry, 18 S.W.3d at 692. 

 In reviewing the trial court's denial of the motion to compel arbitration, we use an
abuse of discretion standard. ANCO Ins. Servs. of Houston, Inc. v. Romero, 27 S.W.3d 1,
5 (Tex. App.-San Antonio 2000, pet. denied). We give deference to the trial court's findings
of fact and review legal conclusions de novo. Id. The trial court's decision must be upheld
unless we determine the trial court could reasonably have reached only one conclusion. Id.

Applicability of the FAA

 On appeal, the Davises argue for the first time that the Federal Arbitration Act (FAA)
does not apply to the contract because MHI failed to show the contract involves interstate
commerce. However, when, as here, the contract clearly specifies the arbitration will be
governed by the FAA, we apply the statute as designated by the parties. See Stewart Title
Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex. App.-Houston [1st Dist.] 1997, writ dism'd
by agmt.) (party must show facts establishing right to arbitrate under FAA when there is no
express agreement for application of FAA).

Laches

 Finally, we address the Davises' complaint that MHI's delay of approximately two
and one-half months before seeking mandamus relief bars MHI's recovery. Mandamus is
an equitable doctrine designed to assist the diligent, not those who slumber on their rights.
See Rivercenter Assoc. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993). Ordinarily a petition
for writ of mandamus should be brought promptly. However, we have held that mandamus
recovery should not be denied based on delay if no harm has occurred. Shearson Lehman
Hutton, Inc. v. McKay, 763 S.W.2d 934, 939 (Tex. App.-San Antonio 1989, no writ). 

 In this case, the Davises have not submitted any facts showing they were prejudiced
by the delay in filing for mandamus. There is nothing in the record to indicate any harm to
the Davises or to the efficient administration of the trial court's docket. We hold the request
for mandamus relief is not barred by laches.



Conclusion

 We hold the October 30, 1996 contract controls the parties' arbitration agreement.
Further, we hold the arbitration agreement is enforceable and mandamus relief is not barred
by laches. Because the trial court erred in denying the motion to compel arbitration, we
conditionally grant the writ of mandamus. We expect the trial court will vacate its order of
January 29, 2001, and grant MHI's plea in abatement and motion to compel arbitration
within twenty days. If it does not, the writ will issue.


 Paul W. Green, Justice


Do Not Publish
1. Although the Honorable Michael P. Peden signed the Order about which relator complains, the proper
respondent is the Honorable Phylis Speedlin (permanent judge of the 408th District Court), who presided over the
hearing and rendered an oral decision reflected in the order. See In re Acevedo, 956 S.W.2d 770, 770 n.1 (Tex.
App.-San Antonio 1997, orig. proceeding).
2. The Davises make a conclusory argument that the September contract is enforceable because MHI "agreed"
to the contract irrespective of the lack of signature. There is no evidence in the record that MHI began to perform on
the contract or otherwise agreed to the September contract.
3. The parties do not dispute that the claims in this case fall within the scope of the arbitration agreement, only
whether the agreement is enforceable. See id.