

NUMBER 13-11-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**UNIVERSITY OF TEXAS AT BROWNSVILLE,**                    **Appellant,**

**v.**

**JESUS RAMOS,**                    **Appellee.**

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez

In this negligence case, the University of Texas at Brownsville (UTB) appeals the

denial of its assertions of immunity in its plea to the jurisdiction and its no-evidence and

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

traditional motions for summary judgment.[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. §
51.014(a)(8) (West 2008).  By two issues, UTB contends that (1) the trial court erred
when it overruled UTB's motion to strike appellee Jesus Ramos's response because he
did not comply with a Rule 11 agreement; and (2) the trial court erred when it denied its
plea and motions because there was no use of tangible personal property or,
alternatively, there was no missing integral safety device such that UTB's sovereign
immunity was waived.  We reverse and render a dismissal, in part, and reverse and
render a summary judgment, in part.

## I.  MOTION TO STRIKE

By its first issue, UTB challenges the trial court's denial of its motion to strike.  It
argues that the trial court erred in denying its motion because Ramos's response with its
exhibits was not timely filed pursuant to a Rule 11 agreement.  UTB repeats the
arguments it made to the trial court, arguments which we have set out below.

## A.  Background[3]

Ramos filed a negligence lawsuit against UTB for injuries he sustained while using
a table saw in a UTB classroom.  UTB filed a plea to the jurisdiction and motions for

---

[2] Pursuant to section 51.014(a)(8), UTB is entitled to an interlocutory appeal of the denial of its plea to the jurisdiction and the denial of its no-evidence and traditional motions for summary judgment because the trial court denied UTB's claim of no jurisdiction.  *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used . . . .  To be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008).

[3] On appeal, Ramos responds only to UTB's second issue, the immunity issue.  By not addressing UTB's motion-to-strike issue, Ramos has not contradicted any of the rule 11 facts set out by UTB. Therefore, we will accept as true those facts that are supported by the record.  *See* TEX. R. APP. P. 38.1(f) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.  The statement must be supported by record references."); *see also Western Steel Co. v. Altenburg,* 206 S.W.3d 121, 124 (Tex. 2006) (per curiam).

summary judgment arguing that UTB, a governmental unit, was entitled to be dismissed because it was immune and because it had not waived sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011); *see also id.* § 101.001(3)(B) (defining a "[g]overnmental unit" as "a political subdivision of this state including any . . . school district . . . "); *Ben Bolt-Palito Blanco Consol. I.S.D. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2007) (explaining that universities are divisions of state government).

The hearing on UTB's dispositive motions, originally set for January 3, 2011, was reset to February 16, 2011. On the filing deadline, February 9, 2011, Ramos advised UTB that he would be unable to serve his response timely. UTB agreed to reset the hearing date if Ramos would file and serve his response with all exhibits on February 15, 2011.

The Rule 11 agreement between Ramos and UTB provided, in relevant part, as follows:

> [UTB] will agree to reset the hearing on Defendant's Plea to the Jurisdiction, No Evidence Motion for Summary Judgment and Traditional Motion for Summary Judgment to March 9, 2011 (which is the next available date the court has open), if you [Ramos] agree to file and serve [UTB] with Plaintiff's Response to the Plea to the Jurisdiction, No Evidence Motion for Summary Judgment and Motion for Summary Judgment, including any exhibits, by February 15, 2011. If Plaintiff fails to serve such Response on this date, then Plaintiff agrees he waives his Response to all the dispositive motions.

Both parties agreed to the terms and signed the agreement. It was not until March 2, 2001, however, that Ramos faxed his response without its exhibits to UTB. UTB did not receive Ramos's mailed response with its attached exhibits until March 3, 2011.

On March 4, 2011, UTB filed a motion to strike Ramos's response in its entirety.

3

UTB argued that because Ramos filed his response late under the terms of their Rule 11 agreement and because Ramos did not claim fraud or mistake in the signing, the trial court should enforce the agreement and should not consider Ramos's response or his attached exhibits when ruling on UTB's dispositive motions. UTB urged the trial court to grant its motion to strike and to deny any motion for leave to file Ramos's response.

On March 7, 2011, Ramos filed his response and his motion for leave to file the response. In his motion for leave, Ramos's counsel explained that earlier in the year he had been out of town handling family matters and shortly after entering into the agreement had no time to hire or train a new assistant when his secretary quit. According to counsel, his secretary had not calendared the response date and neither counsel's temporary secretary—counsel's mother—nor counsel was aware of the filing deadline in the Rule 11 agreement. UTB claimed, in its response to Ramos's motion for leave to file a response, that a new secretary, Rebecca Gonzales, knew of the Rule 11 agreement and advised UTB's counsel that Ramos's counsel had informed her that he had signed the agreement and that it would be faxed to him as soon as he finished his hearing that day. The signed Rule 11 agreement appears in the appellate record.

In addition, Ramos's counsel asserted that on February 18, 2011—after the response was due—he underwent abdominal surgery and did not return to the office until March 1, 2011. On that date, according to his response, counsel's new secretary began working; her first task was to type and file Ramos's response to UTB's plea and motions. Ramos claimed that although the response was not timely filed pursuant to the Rule 11 agreement, it was filed timely pursuant to the Texas Rules of Civil Procedure. He

4

asserted that good cause existed for the late filing, and in any event, UTB was not prejudiced by the March filing.

In UTB's motion to strike and in its reply to Ramos's motion for leave to file his response, UTB argued that the trial court had a ministerial duty to enforce the terms of the valid Rule 11 agreement, *see Fortis Benefits v. Cantu,* 234 S.W.3d 642, 651 (Tex. 2007), and that it should not consider evidence outside the bounds of the Rule 11 agreement. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996) (orig. proceeding) (per curiam). In its reply, UTB further urged that because contract principles apply to Rule 11 agreements, the Rule 11 agreement is only subject to attack on the basis of fraud or mistake in the signing—meaning mistake in the contents of the agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995); *Kennedy v. Hyde*, 682 S.W.2d 525, 526 (Tex. 1984). UTB asserted that Ramos did not claim fraud or mistake in the signing and that his allegations about the unknown or forgotten deadline were not a basis for attacking the Rule 11 agreement.

On April 27, 2011, after the parties presented their respective arguments, the trial court denied UTB's motion to strike Ramos's response and, by implication, granted Ramos's motion for leave to file his response.

## B.  Applicable Law and Standard of Review

Texas Rule of Civil Procedure 11 provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11. Rule 11 aims to remove misunderstandings and controversies that

5

accompany verbal assurances, and the written agreements "speak for themselves." *Fortis Benefits,* 234 S.W.3d at 651 (citing *Padilla*, 907 S.W.2d at 460).

An agreement that meets the requirements of rule 11 is a contract relating to litigation. *Padilla*, 907 S.W.2d at 460 (setting out that contract principles apply equally to Rule 11 agreements); *Disney v. Gallan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.) (providing that Rule 11 agreements are little more than contracts relating to litigation). An agreement complying with rule 11 is subject to attack on the grounds of fraud or mistake in the signing. *Kennedy*, 682 S.W.2d at 526.

Where there is a valid Rule 11 agreement that is not subject to any exception such as fraud or mistake, the trial court has a ministerial duty to enforce its terms. *Fortis Benefits*, 234 S.W.3d at 651, n.58; *see also Eaton Metal Products, L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 Tex. App. LEXIS 7941, at \*7 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (mem. op.) (same). In that instance, a trial court cannot consider evidence outside the bounds of the Rule 11 agreement. *EZ Pawn*, 934 S.W.2d at 91 (enforcing a time-of-filing Rule 11 agreement where the parties agreed to delay a hearing as long as the response was filed one week before the hearing); *see also Eaton Metal Products*, 2010 Tex. App. LEXIS 7941, \*8-10 (upholding a Rule 11 agreement that extended the deadline to file amended pleadings to a specific date).

We review a trial court's ruling regarding a Rule 11 agreement for an abuse of discretion. *Chase Manhattan Bank & Bank One, N.A. v. Bowles*, 52 S.W.3d 871, 881 (Tex. App.—Waco 2001, no pet.) (citing *In re Acevedo*, 956 S.W.2d 770, 775 (Tex.

6

App.—San Antonio 1997, no writ)); *see Mantas v. Fifth Circuit Court of Appeals,* 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding) (per curiam) ("[T]he court of appeals did not abuse its discretion in refusing to summarily enforce the settlement agreement."). Under this review, an appellant must show that the trial court either acted without reference to any guiding rules and principles of law or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## C. Discussion

We first note that Ramos does not deny the existence of the Rule 11 agreement and does not claim that the agreement is unenforceable because it fails to comply with rule 11. *See In re Acevedo*, 956 S.W.2d at 775. In fact, in his motion for leave to file his response, Ramos acknowledges that he entered into the Rule 11 agreement. In addition, Ramos does not claim fraud or mistake in the signing. Rather, Ramos asserts, as a basis for the trial court granting him leave to file his response, that his secretary had not calendared the response date and that neither he nor his temporary secretary was aware of the filing deadline in the Rule 11 agreement. We are not persuaded by this argument and conclude that Ramos provided no basis for avoiding the valid Rule 11 agreement. *See Kennedy*, 682 S.W.3d at 526.

The trial court had a ministerial duty to enforce the terms of the Rule 11 agreement, which Ramos entered into and to which Ramos was bound. *See Fortis Benefits*, 234 S.W.3d at 651. The trial court acted without reference to any guiding rules and principles when it denied UTB's motion to strike and impliedly granted Ramos's motion for leave to

7

file his response. *See Downer*, 701 S.W.2d at 241-42. Thus, we conclude that the trial court abused its discretion. *See id.*; *see also Chase Manhattan Bank*, 52 S.W.3d at 881. And to the extent the trial court considered Ramos's response with its attached evidence, it did so in error because Ramos's response and his motion for leave to file the response were filed outside the bounds of the Rule 11 agreement. *See EZ Pawn Corp.*, 934 S.W.2d at 91. We sustain UTB's first issue, and in so doing we will not consider Ramos's response or the attached exhibits in our review of UTB's sovereign immunity issue.

## II. SOVEREIGN IMMUNITY

In its second issue, UTB contends that the trial court erred in denying its plea to the jurisdiction and its motions for summary judgment because there was no waiver of immunity.

## A. Ramos's Factual Allegations

In his petition, Ramos asserted, in relevant part, the following:

> On or about March 1, 2008 . . . Ramos suffered severe personal injuries while attending class at [UTB's] campus. As part of an in-class assignment, [Ramos] was using a table saw. The said table saw was defective in that it had no guard. A piece of plywood was jammed inside the saw. The defective table saw cut three fingers off of [Ramos's] right dominant hand when he attempted to use it for the purpose and in the manner for which it was intended. This injury was a direct result of the table saw's defect hereinabove alleged.
>
> . . . .
>
> [UTB] may be held to answer in a court of law for the occurrence just described because [Ramos's] claim arises from personal injury proximately caused by the use of tangible personal property so that sovereign immunity is waived under the Texas Tort Claims Act.
>
> . . . .

8

[Ramos] would show that [UTB] has waived its immunity pursuant to CPRC § 101.021(2) in that the occurrence was "caused by a condition or use of tangible property . . . [.]" More specifically, [Ramos] was directed to use a table saw owned and maintained by [UTB]. This table saw was unreasonably dangerous in that the appropriate and required safety apparatus had been removed. It was the use of this unsafe piece of tangible property that was the proximate case [sic] of [Ramos's] injuries.

In sum, Ramos alleged that the trial court could properly exercise jurisdiction because immunity had been waived under the Texas Tort Claims Act (TTCA). See TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2011). Specifically, Ramos asserted that UTB waived immunity with respect to his claims which involve personal injuries allegedly caused by a condition or use of tangible personal property. *See id.* § 101.021(2). UTB responded by asserting sovereign immunity in its plea to the jurisdiction and in its motions for summary judgment.

## B. Applicable Law and Standards of Review

"Under the doctrine of sovereign immunity, the State is not liable for the negligence of its employees absent constitutional or statutory provision for liability." *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). However, there are exceptions to this general rule; specifically under section 101.021, the TTCA expressly waives sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. 101.021(2).

In the context of a plea to the jurisdiction, because the elements of Ramos's claim are jurisdictional, Ramos must affirmatively plead facts and, if appropriate, produce

9

evidence demonstrating those elements to show a waiver of UTB's sovereign immunity. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004) (setting out that "if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised"); *County of Cameron v. Brown*, 80 S.W.3d 549, 554-55 (Tex. 2002); *Moreno v. Tex. A&M Univ.—Kingsville*, 339 S.W.3d 902, 906 (Tex. App.—Corpus Christi 2011, pet. filed) (citing *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009)). Similarly, to avoid a traditional summary judgment, a plaintiff must create fact issues as to all the challenged elements of his claim. *See* TEX. R. CIV. P. 166a(c). If a plaintiff creates a fact issue with his evidence as to each element, it would be improper to grant a governmental unit's plea to the jurisdiction or its traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *City of Waco v. Lopez,* 259 S.W.3d 147, 150 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227-28).

Our de novo review of Ramos's challenge to UTB's plea to the jurisdiction and his challenge to its traditional motion for summary judgment is therefore one and the same. *See Miranda*, 133 S.W.3d at 228 (acknowledging that, in a plea to the jurisdiction, the standard for reviewing evidence of jurisdictional facts mirrors the standard for reviewing traditional summary judgment evidence); *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (stating that a trial court's grant of a traditional motion for summary judgment is reviewed under a de novo standard of review); *Miranda*, 133 S.W.3d at 226 (providing for a de novo review of a trial court's ruling on a plea to the jurisdiction). "In other words, to both establish waiver of immunity, and accordingly,

10

subject-matter jurisdiction, and avoid [a traditional] summary judgment [or the granting of a plea to the jurisdiction], [Ramos] must have created a genuine issue of material fact on each of the elements of [his claim]." *Moreno*, 339 S.W.3d at 906 (citing TEX. R. CIV. P. 166a(c); *Miranda*, 133 S.W.3d at 227-28). "In deciding whether there is a fact issue, we consider as true any evidence favorable to the non-movant." *Id.* (citing *Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 641 (Tex. App.—Corpus Christi 2002, pet. denied) (citing *Am. Tobacco, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (other citations omitted))).

In our plea-to-the-jurisdiction review, if the pleadings contain insufficient factual allegations to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, then the plaintiff must be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. Claims that are incurably defective or affirmatively negate the existence of jurisdiction may be dismissed without allowing the plaintiff an opportunity to amend. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Miranda*, 133 S.W.3d at 227.

In a no-evidence summary judgment motion under rule 166a(i), the movant must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. *Id.* When reviewing a no-evidence summary judgment ruling, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary judgment

11

motion is properly granted when the non-movant brings forth less than a scintilla of evidence to raise a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion." *Macias*, 988 S.W.2d at 317 (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Conversely, more than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). Because the propriety of granting or denying a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

Applying these principles to this case, under the doctrine of sovereign immunity, UTB, a governmental entity, is entitled to immunity from suit for personal injuries unless immunity has been waived, and Ramos, the claimant, bears the burden to plead facts and, if appropriate, to produce evidence demonstrating those elements to show waiver of the defendant's sovereign immunity.

## C. Discussion

### 1. UTB's Plea to the Jurisdiction Challenges to Ramos's Failure and Non-Use Allegations

In his petition, Ramos generally alleged that UTB failed to properly inspect the table saw, failed to have a proper first aid kit available, failed to provide him immediate transportation to an emergency room, and failed to properly handle his severed fingers. In its plea to the jurisdiction and now by its second issue on appeal, UTB contends that Ramos's allegations regarding UTB's failure to act, including any allegations of failure to

12

supervise, is not based on any recognized waiver of immunity under the TTCA. We agree.

"[T]hese allegations are not based upon the negligent *use* of tangible personal property. There is no waiver of immunity under the 'tangible personal property' provision of the [TTCA] for injuries proximately caused by the negligent" failure to act—i.e., to inspect, to monitor, or to supervise. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 880-81 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing cases, in a medical context, showing no waiver for failure to act or to use property, failure to supervise, failure to investigate, failure to monitor, or failure to recognize or address the risk of falling) (citations omitted) (emphasis added); *El Paso Indep. Sch. Dist. v. Apodaca*, 346 S.W.3d 593, 596 (Tex. App.—El Paso 2009, no pet.) ("[I]f the district employee's action involved only supervision or control, rather than direct involvement in the accident, immunity has not been waived."); *see also Salinas v. City of Brownsville*, No. 13-08-00146-CV, 2010 Tex. App. LEXIS 1319, at *16 (Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (mem. op.) (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (setting out that negligent supervision is not cognizable under the TTCA in the absence of the use of tangible personal property)). Furthermore, having determined below that Ramos has not established the use of tangible personal property, these allegations are incurably defective; Ramos cannot cure them by pleading more detailed facts to support his assertion that his injuries were caused by acts or omissions such as those listed above. *See Koseoglu*, 233 S.W.3d at 840. Consequently, no purpose would be served by remanding these claims to the trial court. *See Thomas v.*

13

*Long*, 207 S.W.3d 334, 338 (Tex. 2006).   With respect to these claims, we sustain UTB's second issue.

> **2. UTB's Motion for Summary Judgment Challenges to Ramos's Remaining Allegations**

In its second issue, UTB also challenges Ramos's allegations of waiver based on UTB's alleged use of the table saw or its condition.   UTB contends that the trial court erred when it denied UTB's no-evidence motion and, in the alternative, its traditional motion for summary judgment because there was no use of tangible personal property by UTB and the table saw was not defective for lack of an integral safety component. Because our analysis of the trial court's denial of UTB's motion for no-evidence summary judgment is dispositive of this contention, we will begin by addressing UTB's no-evidence summary judgment motion.

In its motion and now on appeal, UTB asserts that there was no evidence to support Ramos's allegation that UTB's employees used any tangible personal property that proximately caused any harm to Ramos.   *See* TEX. R. CIV. P. 166a(i); TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).   It also asserted in its motion that there was no evidence that the saw guard was an integral safety component, the absence of which would allegedly waive UTB's immunity.   *See* TEX. R. CIV. P. 166a(i); TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).   The burden then shifted to Ramos to bring forth evidence that raised a fact issue on the challenged elements.   *See* TEX. R. CIV. P. 166a(i). However, because Ramos filed his response and attached exhibits outside the bounds of the Rule 11 agreement, Ramos brought forth no evidence to raise a genuine issue of material fact as to the use-or-condition waiver elements of his claim.   Therefore, the trial

14

court erred in denying UTB's no-evidence motion for summary judgment as to Ramos's waiver-of-immunity claims. *Macias*, 988 S.W.2d at 317; *Natividad*, 875 S.W.2d at 699. Accordingly, we sustain UTB's second issue as to Ramos's waiver claims.

### III. Conclusion

We reverse the trial court's order denying UTB's plea to the jurisdiction as to any failure or non-use allegations and render dismissal on those claims because Ramos's pleadings affirmatively demonstrate the absence of jurisdiction. We also reverse the trial court's denial of UTB's no-evidence summary judgment on Ramos's remaining negligence claims and render summary judgment in favor of UTB on those claims because Ramos produced no evidence of UTB's waiver of sovereign immunity.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 26th
day of January, 2012.