**Jeffrey LUXENBERG, Relator,**

**v.**

**The Honorable John McClellan MAR-SHALL, Judge Presiding 14th Judicial District Court of Dallas County, Texas, Respondent.**

**No. 05–92–00517–CV.**

Court of Appeals of Texas, Dallas.

June 10, 1992.

Mark R. Kolitz, Dallas, for relator.

Mark McQuality, Robert L. Hoffman, Dallas, Ken Hughes, Houston, Ralph Rash, Austin, for respondent.

Before ENOCH, C.J., and STEWART and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

This mandamus proceeding involves the imposition of "death penalty" sanctions for making a false verification and other abuses of the trial process. We deny the writ.

### FACTUAL BACKGROUND

#### 1. Underlying Lawsuit

Windsor Communications, Inc.[1] sued William Windsor and Barbara Windsor for misuse of company funds, conversion, breach of fiduciary duty, fraudulent misrepresentation, and slander. The original petition contained an application for temporary restraining order and temporary injunction alleging that William Windsor committed various acts detrimental to the company. Specifically, Windsor Communications alleged that Windsor: (1) removed certain items of personal property neces-

---

1. Windsor Communications, Inc. has three shareholders: (1) Gravitron Investments, Ltd., controlled by J. Gary Gladman; (2) Rholux, Ltd., controlled by Jeffrey Luxenberg; and (3) Windsor Advertising, Inc., controlled by William Windsor.

sary to the daily business operations of the company; (2) attempted to harm the company by inducing creditors to file groundless bankruptcy petitions; and (3) harassed company employees, prevented ongoing business operations, and interfered with contractual relationships of Windsor Communications.

The petition was verified by Jeffrey Luxenberg as president and authorized agent of Windsor Communications. The verification recites that Luxenberg "has read the foregoing Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction; and the facts contained within paragraphs 37 through 40 are within his personal knowledge and are true and correct."[2]

On November 19, 1990, Judge David Brooks issued a temporary restraining order prohibiting Windsor from secreting, conveying, damaging, or moving any property allegedly removed from the offices of Windsor Communications. This temporary restraining order was extended by agreement of the parties until December 7, 1990. Windsor alleges in his answer that the trial court denied the company's request for a temporary injunction and vacated the temporary restraining order.

Windsor Communications filed two amended petitions naming Windsor Advertising, Inc., Martha Ann Windsor, and Technique Typesetting, Inc. as additional defendants in the litigation. The company also requested another temporary restraining order. Both amended petitions were verified by James Hugh Elmore as authorized agent for Windsor Communications. Luxenberg did not verify either of these pleadings.

On December 20, 1990, Judge John Marshall issued a second temporary restraining order. This order prohibited Windsor from contacting the telephone company in an attempt to interfere with, discontinue, or procure the use of telephone numbers currently used by Windsor Communications. This temporary restraining order was extended by agreement of the parties until January 14, 1991.

William Windsor filed for bankruptcy prior to the temporary injunction hearing. Windsor Communications non-suited all claims against Windsor and his wife on January 30, 1991. Windsor Advertising, Martha Ann Windsor and Technique Typesetting remained parties to the lawsuit.

On February 29, 1991, Windsor and Windsor Advertising filed a counterclaim against Windsor Communications and third-party claims against Luxenberg and others. The claims against Luxenberg allege fraud, fraudulent concealment, misrepresentation, breach of contract, conversion, and conspiracy in connection with the attempted takeover of Windsor Communications. Luxenberg filed a special appearance to the third-party petition.

### 2. Discovery Abuse and Violations of Pre-Trial Orders

Luxenberg was noticed for a deposition on March 12, 1991. He did not appear. The trial court granted a motion for expedited discovery and ordered Luxenberg to appear for deposition on April 8, 1991. Luxenberg failed to appear for this deposition in violation of the court order.

On August 23, 1991, Windsor filed his first motion for contempt and sanctions. This motion alleged that Luxenberg: (1) failed to appear for a noticed deposition on March 12, 1991; (2) failed to appear for a court-ordered deposition on April 8, 1991; and (3) executed a false verification in support of his special appearance. A hearing on this motion was set for October 3, 1991, and the court issued a show cause order. Luxenberg failed to appear at this hearing. A second show cause order issued, requir-

---

**2.** Paragraphs 37 and 38 allege ill-will, malicious intent, and gross indifference against Windsor in connection with a claim for exemplary damages for slander. Paragraph 39 incorporates all foregoing paragraphs of Plaintiff's Original Petition. Paragraph 40 recites that Windsor Communications is entitled to a temporary restrain-ing order pursuant to section 65.011 of the Texas Civil Practice and Remedies Code. Luxenberg did not verify the allegations necessary for a temporary restraining order, which are set forth in paragraphs 41 through 43. *See* TEX. R.CIV.P. 680.

ing Luxenberg to appear for a hearing on November 5, 1991. Once again, Luxenberg failed to appear.

On August 7, 1991, the trial court ordered the case to mediation. A mediation session was scheduled for September 5, 1991. Luxenberg advised the mediator that he would not attend but would be available by telephone. Luxenberg did not appear in person for the court-ordered mediation.

On October 18, 1991, Windsor filed a second motion for contempt and sanctions. This motion alleged that Luxenberg: (1) failed to comply with the August 7, 1991 order requiring mediation; and (2) did not appear for the contempt hearing on October 3, 1991. The record does not show that this second motion for contempt and sanctions was ever set for a hearing or submitted to the court for determination.

On October 31, 1991, Windsor filed yet another motion to compel discovery and for sanctions. This motion was based on Luxenberg's failure to produce certain documents and fully answer questions at his deposition. The trial court ordered Luxenberg to comply with the requested discovery. The court also ordered Luxenberg to pay $500 to Windsor within seven days, or his "answer and pleadings will be stricken, with prejudice." There is no indication in the record whether Luxenberg complied with this court order.

On December 6, 1991, Windsor filed his third motion for contempt and sanctions. This motion alleged that Luxenberg: (1) failed to appear for the second show cause hearing on November 5, 1991; and (2) made a false verification in connection with Plaintiff's Original Petition. The third motion recites that "this motion is in addition to and not in lieu of the original Motion for Contempt and Sanctions ... and Second Motion for Contempt and Sanctions." Windsor requested appropriate relief under rule 215 of the Texas Rules of Civil Procedure, including "an order that the answer and all pleadings of Luxenberg be stricken in their entirety."

Judge Marshall heard the third motion for contempt and sanctions on February 11, 1992. The trial court then signed the following order on February 14, 1992:

> It is, THEREFORE, ADJUDGED AND DECREED that the pleadings of Jeffrey Luxenberg in this case shall be and are hereby stricken. This sanction is based on the court's finding that the Affidavit of Luxenberg, in his capacity as president and duly authorized agent of Windsor Communications, Inc., executed November 16, 1990, incorrectly states that the verified facts are within his personal knowledge, when they were not, which action induced the Court to issue a TRO.

This order focuses solely on Luxenberg's verification as the basis for striking his pleadings.

Luxenberg filed this mandamus proceeding on February 27, 1992. We granted leave to file on February 28, 1992. On March 3, 1992, the trial court entered two other sanction orders. One order appears to elaborate on the basis for striking Luxenberg's pleadings at the hearing on February 11, 1992. The other order compels Luxenberg to appear for a deposition and pay additional monetary sanctions to Windsor in connection with a hearing on November 5, 1991.

## STANDARD OF REVIEW

### 1. Inadequate Remedy at Law

Mandamus will not lie if a party has an adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A sanction order that adjudicates the merits of a case by striking a party's pleadings is reviewable by mandamus. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919–20 (Tex.1991) (orig. proceeding). Remedy by way of appeal is inadequate because the entire litigation is skewed by the removal of the merits of the case from consideration. *Id.* at 919. Resolution of the dispute will be influenced, if not dictated, by the trial court's determination of the conduct of the parties prior to trial. *Id.*

The trial court struck Luxenberg's pleadings before the entry of a final judgment.

We hold that Luxenberg has an inadequate remedy at law. *Id.* at 919–20.

## 2. Abuse of Discretion

 A writ of mandamus will lie only if the trial court abuses its discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985) (orig. proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court does not constitute an abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), *limited in TransAmerican Natural Gas Corp.,* 811 S.W.2d at 919. The issue before this Court is whether Judge Marshall abused his discretion by imposing "death penalty" sanctions against Luxenberg.

## 3. Other Considerations

 Mandamus is an extraordinary remedy. The issuance of a writ of mandamus is a matter of discretion for the appellate court. *Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793, 795 (1941) (orig. proceeding). Although mandamus is not an equitable remedy, it is largely controlled by equitable principles. *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 552 n. 2 (Tex.1990) (orig. proceeding); *Callahan,* 155 S.W.2d at 795. Courts have invoked the doctrine of unclean hands to deny issuance of the writ. *See Axelson, Inc.,* 798 S.W.2d at 552 n. 2; *Industrial Found. v. Texas Ind. Accident Bd.,* 540 S.W.2d 668, 674 (Tex.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

## RELATOR'S ARGUMENTS

### 1. False Verification

Luxenberg argues that the trial court abused its discretion in striking his pleadings under Rule 13 of the Texas Rules of Civil Procedure.[3] Windsor sought sanctions against Luxenberg for making a false verification to Plaintiff's Original Petition. The trial court granted the motion for sanctions and struck Luxenberg's pleadings. The court found that the "Affidavit of Luxenberg ... incorrectly states that the verified facts are within his personal knowledge, when they were not, which action induced the Court to enter a TRO." There is no statement of facts from the sanction hearing.[4]

 Rule 13 authorizes a trial court to impose sanctions for groundless pleadings brought in bad faith or brought for the purpose of harassment. TEX.R.CIV.P. 13. These sanctions include an order striking the pleadings of the offending party in appropriate cases. *Id.;* TEX.R.CIV.P. 215b, subd. 2(b)(5); *cf. TransAmerican Natural Gas Corp.,* 811 S.W.2d at 917 (sanctions must be "just"). No sanction may be imposed except for good cause, the particu-

---

**3.** The record does not support Luxenberg's assertion that the trial court imposed sanctions under Rule 13. Neither Windsor's motion nor the trial court's order refer to Rule 13. This rule provides, in relevant part, that:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that *to the best of their knowledge, information, and belief formed after reasonable inquiry* the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.

TEX.R.CIV.P. 13 (emphasis added).

We do not necessarily correlate false verifications with groundless pleadings. Verifications must be based on personal knowledge. Other pleadings may be based on information and belief. *See Ex parte Miller,* 604 S.W.2d 324, 326 (Tex.Civ.App.—Dallas 1980, orig. proceeding). In view of our disposition of this case, we do not address whether Rule 13 authorizes the imposition of sanctions for making a false verification.

**4.** We note that our record has numerous and sizeable gaps. Luxenberg has the burden of providing relevant portions of the record to establish that the trial court abused its discretion. *See* TEX.R.APP.P. 121(a)(4). We will not presume that the missing portions of the record undermine the trial court's order. *See Alta Enters., Inc. v. Clark,* 730 S.W.2d 865, 867 (Tex. App.—Austin 1987, orig. proceeding); *cf. Progressive Ins. Cos. v. Hartman,* 788 S.W.2d 424, 427 (Tex.App.—Dallas 1990, orig. proceeding) (relator brought forward order and other relevant exhibits).

lars of which must be stated in the order. Tᴇx.R.Cɪᴠ.P. 13; *Watkins v. Pearson,* 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

The sanction order entered by Judge Marshall does not find that pleadings filed by Luxenberg were groundless and brought in bad faith or brought for the purpose of harassment. Nor does the order find good cause for imposing "death penalty" sanctions. *See Watkins,* 795 S.W.2d at 260. Accordingly, the sanction order does not comply with the requirements of Rule 13.

### 2. Discovery Abuse and Violations of Pre–Trial Orders

Windsor's third motion for contempt and sanctions was not limited to a false verification. Windsor also alleged that Luxenberg: (1) failed to comply with prior discovery orders; (2) failed to serve copies of his special appearance; (3) executed a false verification in support of his special appearance; (4) failed to comply with a court order requiring mediation; and (5) refused to appear at two show cause hearings on October 3, 1991, and November 5, 1991.

#### a. Applicable Law

■ Courts possess all inherent powers necessary for the enforcement of their lawful orders. *Lassiter v. Shavor,* 824 S.W.2d 667, 669 (Tex.App.—Dallas 1992, no writ); *Equitable Trust Co. v. Lyle,* 627 S.W.2d 824, 825 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). The Texas Rules of Civil Procedure specifically authorize the striking of pleadings as a sanction for discovery abuse. Tᴇx.R.Cɪᴠ.P. 215, subd. 2(b)(5). Courts may impose similar sanctions for violations of pre-trial orders. *See Koslow's v. Mackie,* 796 S.W.2d 700, 703–04 & n. 1 (Tex.1990) (failure to appear at pretrial conference); *Lassiter,* 824 S.W.2d at 669 (violation of motion in limine).

■ Sanctions must be just. *Trans-American Natural Gas Corp.,* 811 S.W.2d at 917. First, there must be a direct relationship between the offensive conduct and the sanction. The sanction imposed must relate directly to the abuse. *Id.* Second,

the sanction must not be excessive. A sanction should be no more severe than necessary to satisfy its legitimate purposes. Trial courts must consider whether the imposition of lesser sanctions would promote compliance with the rules. *Id.*

#### b. Application of Law to Facts

■ The record in this case is replete with numerous and flagrant violations of the trial court's orders. Luxenberg has never denied not appearing at court-ordered depositions, a court-ordered mediation, and two show cause hearings. The record shows a callous disregard for the discovery process, the mediation process, and the trial court. Luxenberg has demonstrated bad faith.

The sanction imposed by the trial court is just. There is a direct relationship between the offensive conduct and the order striking Luxenberg's pleadings. Luxenberg has not advanced any explanation for failing to appear at the depositions, show cause hearings, and court-ordered mediation. There is no indication that this contemptuous conduct is attributable to anyone other than Luxenberg.

The sanction is not excessive in light of the entire case. The trial court entered at least one prior order that directed Luxenberg to produce documents and appear for a deposition. The court also ordered Luxenberg to pay $500 in attorney's fees as a sanction for discovery abuse. Nothing in our record shows that Luxenberg complied with the terms of this order. The trial court properly considered the imposition of lesser sanctions before striking Luxenberg's pleadings. The punishment fits the crime.

### 3. Trial Court's Rationale for Sanctions

We note that the February 14, 1992 order focuses solely on Luxenberg's verification as the basis for striking his pleadings. We have held that this sanction order does not comply with the requirements of Rule 13. Tᴇx.R.Cɪᴠ.P. 13.

■ When a trial court gives an incorrect legal reason for its decision, we will

142

nevertheless uphold the order on any other grounds supported by the record. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986); *Prather v. McNally*, 757 S.W.2d 124, 126 (Tex.App.— Dallas 1988, no writ); *but cf. Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ) (summary judgment is reviewed strictly on the basis stated in the order). We focus on the result reached by the trial court, rather than the reasons stated in the order. This approach is even more compelling in a mandamus proceeding where the issue is abuse of discretion. A trial court cannot abuse its discretion if it reaches the right result, even for the wrong reasons. *See* Tex. R.App.P. 133(a).

### CONCLUSION

We hold that we are not bound by the rationale expressed in the February 14, 1992 order. The trial court did not abuse its discretion in striking Luxenberg's pleadings because of the history of discovery abuse and numerous violations of pre-trial orders. In any event, we deny the relief sought by Luxenberg under the doctrine of unclean hands. *See Axelson, Inc.*, 798 S.W.2d at 552 n. 2; *Callahan*, 155 S.W.2d at 795.

The petition for writ of mandamus is denied.