**WAL–MART STORES, INC., Appellant,**

**v.**

**Earnestine BUTLER, Appellee.**

No. 05–00–00053–CV.

Court of Appeals of Texas, Dallas.

March 30, 2001.

Scott A. Whisler, Grau & Bassett, P.C., Dallas, for Appellant.

James Russell Tucker, Dallas, for Appellee.

Before Justices LAGARDE,
KINKEADE, and O'NEILL.

## OPINION

O'NEILL, Justice.

This is a "death penalty" sanctions case. Appellant Wal–Mart Stores, Inc. appeals a judgment granted in favor of appellee Earnestine Butler after the trial court struck its answer. In a single issue, Wal–Mart asserts the trial court abused its discretion in ordering the death penalty sanction. For the following reasons, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Butler sued Wal–Mart for personal injuries she sustained after a "slip and fall" at one of its stores. Wal–Mart answered with a general denial and pleaded affirmative defenses. On April 13, 1999, the trial court signed a form mediation order appointing a mediator and requiring the parties to participate in mediation. The order required the mediator to set a date for mediation if the parties could not agree on a date within twenty days of the date of the order. Mediation was to be conducted no later than August 1, 1999. The order cautioned that failure to attend mediation could result in sanctions, including dismissal or a default judgment. The parties were to file any objections to the mediation order within ten days of the date of the order.

After the trial court signed its order, the parties were unable to agree on a mediation date. As a consequence, the mediator set the mediation date for July 16, 1999. On July 14, Wal–Mart faxed a letter to the mediator stating that Wal–Mart would not appear for mediation because its attorney was in trial. The following day, well outside the time provided for in the trial court's order, Wal–Mart filed an objection to mediation. Wal–Mart did not attend the July 16, 1999 mediation, thereby violating the trial court's order.

Butler filed a motion for sanctions requesting the trial court to strike Wal–Mart's answer because it violated the trial court's mediation order. Wal–Mart filed a response to Butler's motion asserting it did not receive notice of the July 16, 1999 mediation date until July 12, 1999. Wal–Mart claimed that when it received notice, it informed the mediator it would not be able to attend mediation because its attorney was in trial.

The trial court held a hearing on Butler's motion. Wal–Mart did not appear at the hearing, again claiming its attorney was in trial. After the hearing, the trial court granted the motion, struck Wal–Mart's answer, and ordered a $1,000 monetary sanction. Wal–Mart filed a motion to reconsider, which the trial court denied. Following a jury trial solely on the issue of damages, the trial court rendered judgment in favor of Butler for $25,000.

In its sole issue, Wal–Mart asserts the trial court abused its discretion in striking its answer. A trial court possesses all inherent powers necessary for the enforcement of its lawful orders. *Luxenberg v. Marshall*, 835 S.W.2d 136, 141 (Tex.App.—Dallas 1992, no writ). A trial court may impose appropriate sanctions for violations of pretrial orders. *See Koslow's v. Mackie*, 796 S.W.2d 700, 703–04 & n. 1 (Tex.1990); *Luxenberg*, 835 S.W.2d at 141. Sanctions must, however, be just. *Luxenberg*, 835 S.W.2d at 141.

In *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding), the Texas Supreme Court outlined the limitations on a trial court's power to sanction for discovery abuse. First, there must be a direct relationship between the offensive conduct

and the sanction. *Id.* Second, the sanction must not be excessive. That is, a sanction should be no more severe than necessary to satisfy its legitimate purposes. *Id.*

 A court's ability to impose a "death penalty" sanction is further limited by due process. *See id.* at 917–18. Sanctions that are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the rules. Even then, lesser sanctions must first be tested to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 849 (Tex.1992).

Although *TransAmerican* was a discovery sanction case, this Court has applied the same standards in determining whether death penalty sanctions were appropriate following violations of a pretrial order. *See Luxenberg,* 835 S.W.2d at 141. Therefore, we review this case in light of *TransAmerican. See id.* By striking Wal–Mart's answer, the trial court precluded it from presenting its case on the merits. Therefore, the trial court was first required to test lesser sanctions. *See Chrysler Corp.,* 841 S.W.2d at 849. Because the trial court did not do so, we conclude it abused its discretion in striking Wal–Mart's answer. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.