# NO. 12-20-00196-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: UV LOGISTICS, LLC D/B/A UNITED VISIONS LOGISTICS F/K/A DYNASTY TRANSPORTATION, LLC, DAVID A. FRANCO, JR., FRANCO TRANSPORTATION, FRANCO TRANSPORTATION, LLC AND VTL WC ACQUISITION LLC, RELATORS* | §<br><br>§<br><br><br>§ | *ORIGINAL PROCEEDING* |

## *MEMORANDUM OPINION*

UV Logistics, LLC d/b/a United Visions Logistics f/k/a Dynasty Transportation, LLC, David A. Franco, Jr., Franco Transportation, Franco Transportation, LLC, and VTL WC Acquisition LLC (Relators) filed a petition for writ of mandamus in the above cause, seeking to compel Respondent to vacate three orders entered on July 20, 2020 and one order entered on August 4, 2020 compelling discovery of certain electronically stored information.[1] We granted Relators' emergency motion for temporary relief requesting a temporary stay of the four discovery orders. We conditionally grant the writ.

## BACKGROUND

Gentry sued Relators for injuries she sustained as the result of a motor vehicle collision that occurred on September 9, 2017 in Upshur County, Texas.[2] Gentry was driving her personal vehicle when she was rear ended by Franco, who was driving a commercial truck owned by

---

[1] Respondent is the Honorable William B. Porter, Visiting Judge of the 115th Judicial District Court of Upshur County, Texas. Paula Gentry is the Real Party in interest.

[2] UV Logistics, LLC is owned by VTL WC Acquisition, LLC.

Randi Grimes.[3]  Franco was returning from a trip to Alexander, North Dakota at the time of the collision.  The commercial truck was leased by Grimes to UV Logistics, LLC.

Gentry sued Franco for negligence.  She sued UV Logistics under the theory of respondent superior and for negligent entrustment, and negligent hiring, training, supervision, and retention.  Gentry alleged both Franco and UV Logistics acted with gross negligence.  Gentry further alleged that Franco was fatigued from his trip and distracted by his cell phone at the time of the accident.   In the course of litigation, Gentry propounded four separate requests for production to Relators:

> Please produce all Facebook [Franco] electronically stored information (ESI) from May 31, 2016 to Present in native format with all meta intact and unaltered, pursuant to the methodology and protocol set forth in Exhibit A attached hereto.[4]

> Please produce all Facebook [UV Logistics, LLC] electronically stored information (ESI) from May 31, 2016 to Present in native format with all meta intact and unaltered, pursuant to the methodology and protocol set forth in Exhibit A attached hereto.

> Please produce the actual mobile phone or phones and the actual handsfree device or devices which were in the cab of the vehicle being operated by Defendant Franco at the time of the collision made the basis of this suit for inspection and forensic examination pursuant to the methodology and protocol set forth in Exhibit A attached hereto.[5]

> Please produce all GOOGLE account data and electronically stored information (ESI) in native format with all meta data intact and unaltered, related to Defendant David A. Franco, Jr. for inspection and forensic examination pursuant to the methodology and protocol set forth in Exhibit A attached hereto.[6]

---

[3] Randi Grimes is not a party to this proceeding.

[4] With respect to the Facebook ESI, attached Exhibit A states that the items to be downloaded would include the account holder's: l)  demographic information and profile; 2) posts; 3) photos and videos; 4) comments; 5) likes and reactions; 6) friends; 7) stories; 8) following and followers; 9) messages; 10) groups; 11) events; 12) profile information; 13) pages; 14) marketplace activity; 15) payment history; 16) saved items and collections; 17) places; 18) apps and websites; 19) portal; 20) activity, such as "pokes" given and received; 21) "information about you"; 22) ads; 23) search history; 24) location; 25) "about you"; and 26) security and login information.

[5] With respect to Franco's cell phone(s), attached Exhibit A states that Franco must deliver the devices to Gentry's expert and supply the personal identification number (PIN) or passcode to access the device as well as all encryption and online storage passwords.  Exhibit A states that a forensic image will be created of the device's memory card and/or SIM card which includes all applications on the device or online, as well as Franco's "WhatsApp" or other messaging platforms.

[6] With respect to the Google account ESI, attached Exhibit A states that the items to be downloaded would include:  1) Google Plus - social media account activity; 2) Google blogging activity; 3) bookmarks; 4) calendar; 5) Chrome – autofill information, bookmarks, browser history, dictionary/spell check, browser extensions, search engines used, sync settings between devices; 6) contacts; 7) drive – content of google drive folders and files; 8)

Relators objected to Gentry's requests for the Facebook ESI and Google account data on the grounds that the requests were overly broad, unduly burdensome, and amounted to a "fishing expedition." Relators objected to the production and examination of Franco's cellphone on the same grounds and additionally objected that the request violated Franco's constitutional right to privacy.

Gentry filed a motion to compel the production of the Facebook ESI, Google account data, and cellphone(s). At a hearing on the motion, Gentry's counsel orally expanded the timeframe of his request for the production of Franco's Facebook ESI by asking Respondent to order production from January 1, 2004 until present.

Respondent granted Gentry's motion and entered four separate orders, three dated July 30 (regarding Franco's Facebook, UVL's Facebook, and Franco's Google account) and one dated August 4 (regarding Franco's cell phone), compelling Relators to produce the requested ESI. The order regarding Franco's personal Facebook expanded the time frame to compel Relators to produce Franco's Facebook ESI dating back to January 1, 2004 to present. Thereafter, Relators filed this petition for writ of mandamus.

<u>**PREREQUISITES TO MANDAMUS**</u>

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id*. The relator has the burden to establish the

---

Google fitness activity; 9) photos; 10) play books; 11) plus circles - Google Plus social media connection information; 12) Google Plus social media account pages; 13) Google Plus social media activity; 14) groups; 15) handsfree information; 16) messaging data from Google Hangouts; 17) information about Hangouts on air attendance; 18) note information; 19) location history; 20) contents of email and inbox; 21) maps – saved places and review of places; 22) My Maps – routes; 23) Google account profile information; 24) searches performed; 25) task lists; 26) voice – billing history, messaging conversations, greetings, voicemail, phone numbers associated with the account; 27) Google wallet contents; and 28) YouTube – history, playlists, subscriptions, videos.

prerequisites to mandamus. ***Canadian Helicopters Ltd. v. Wittig***, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

Mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. *See **United Mexican States v. Ashley***, 556 S.W.2d 784, 785 (Tex. 1977) (orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *See **In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights. ***In re Van Waters & Rogers, Inc.***, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam); ***Walker***, 827 S.W.2d at 842. A party will not have an adequate remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it a part of the record. ***In re Ford Motor Co.***, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); ***Walker***, 827 S.W.2d at 843.

## DISCOVERY ORDERS

Relators argue the four discovery orders constitute an abuse of discretion because they are overly broad in that they require the production of private or sensitive information neither relevant to the subject matter of the suit nor reasonably calculated to lead to the discovery of admissible evidence. Gentry argues that Relators' petition for writ of mandamus should be denied because Relators have "unclean hands." Alternatively, Gentry argues that the petition should be denied because her discovery requests are not overly broad.

### Applicable Law

The scope of discovery largely rests within the discretion of the trial court. ***In re CSX Corp.***, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. TEX. R. CIV. P. 192.3(a). The rules governing discovery require that the information sought appear reasonably calculated to lead to the discovery of admissible evidence.

4

*Id.* Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Discovery requests must be reasonably tailored to include only matters relevant to the case. *See **In re CSX Corp.***, 124 S.W.3d at 152. It is not the burden of the responding party to tailor a reasonable discovery request for the requesting party. ***In re Houstonian Campus, L.L.C.***, 312 S.W.3d 178, 181 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Rather, the requesting party has the responsibility to narrowly tailor its requests for production. *Id.*

A discovery request is overbroad when it encompasses time periods, activities, or products that are not relevant to the case in which the discovery is sought. ***In re Nat'l Lloyds Ins. Co.***, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A discovery order that compels overly broad discovery is an abuse of discretion. ***Dillard Dep't Stores, Inc. v. Hall***, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Where a discovery order compels production of "patently irrelevant" documents there is no adequate remedy by appeal because the order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." ***In re CSX Corp.***, 124 S.W.3d at 153. Therefore, mandamus relief is available to remedy overly broad discovery. ***In re Nat'l Lloyds Ins. Co.***, 507 S.W.3d at 226.

## Unclean Hands

We first address Gentry's argument that Relators are not entitled to mandamus relief because they have "unclean hands."

Although mandamus is a legal remedy, it is governed by equitable principles, so "the doctrine of unclean hands has been used to deny issuance of the writ." *See **Axelson, Inc. v. McIlhany**,* 798 S.W.2d 550, 552 (Tex. 1990) (noting use of doctrine but refusing to apply it). Whether to apply the doctrine or not is committed to a court's discretion. ***Thomas v. McNair,*** 882 S.W.2d 870, 880–81 (Tex. App.—Corpus Christi 1994, no writ). The doctrine will be applied only to "one whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *Id.* In addition, the complaining party must show an injury to himself arising from the conduct. *Id.* "The clean hands maxim should not be applied

when the [opposing parties] have not been seriously harmed and the wrong complained of can be corrected without applying the doctrine." ***Id.***

In support of her argument, Gentry spends much of her brief detailing Relators' alleged discovery abuse prior to the orders at issue in this mandamus proceeding, which includes violating a Rule 11 agreement, deleting relevant records after receiving Gentry's preservation letter, and generally stonewalling Gentry's prior discovery requests. We note that Relators dispute the issues pertaining to their malfeasance, and Gentry cites no authority for her contention that such facts warrant denial of the petition for writ of mandamus in this case.[7] Thus, we are not persuaded that the doctrine of "unclean hands" should bar Franco and UVL from petitioning this Court to issue a writ of mandamus to correct overbroad discovery orders.

**The Orders**

According to Gentry, Franco falsified the driving logs from his trip to Alexander which ended with the collision with Gentry. Gentry contends that Franco was fatigued from making the long trip without stopping for adequate rest and that Franco was on his cell phone at the time of the collision.

Gentry has possession of Facebook posts made by Franco during the trip to and from Alexander, which indicate he was in one location, while his logbooks from the trip indicate he was in a different location. Further, Gentry has copies of Franco's fuel receipts from the trip that contradict his location as documented in the logbooks. Gentry has an affidavit from a witness stating that Franco told the witness he was looking at his cell phone at the time of the accident. Gentry argues that "even with all of the damning facts that have come to light, important questions must still be answered." According to Gentry, Franco's Facebook ESI, Google Account ESI, and cell phone contents will "provide a digital bread crumb trail that will track [Franco's] exact whereabouts during the course of the grueling cross county trip he took before he crashed into [Gentry's] vehicle."

---

[7] Gentry cites ***Luxenberg v. Marshall***, 835 S.W.2d 136, 142 (Tex. App.—Dallas 1992, no writ), as a case with "strikingly similar facts," to support her argument. Gentry failed to mention that the ***Luxenberg*** court was considering a petition for a writ of mandamus filed by a party whose pleadings had been struck as a sanction by the trial court. ***Id.*** at 141-42. The ***Luxenberg*** court held that the trial court did not abuse its discretion in striking the party's pleadings as a sanction based on the party's history of discovery abuse and numerous violations of pre-trial orders. ***Id. Luxenberg*** does not support Gentry's contention that the facts in this case warrant denial of a petition for writ of mandamus based upon the doctrine of "unclean hands."

Gentry argues that "there may be Facebook posts that Franco deleted, or Facebook posts that help establish the character of his actions." She further contends that her request for Franco's cell phone was particularly relevant because "one likely explanation for the fact that [Franco] slammed the truck he was driving into the rear of [Gentry's] SUV was that he was either texting, speaking on or viewing his cell phone at the moment of impact." Additionally, Gentry maintains that Franco's cell phone would reveal whether he "regularly engaged in cell phone use while he was driving." She argues that UVL's Facebook account information "is expected to reveal, *inter alia*, an enormous disparity between UVL's public representations about its policies and practices *vis-à-vis* the course of conduct in which it actually engaged."

Based on Gentry's allegations in her pleadings, it appears that Gentry has a reasonable need to discover (1) how long it took Franco to travel from Alexander to the accident scene because said information would be relevant to Franco's level of fatigue at the time of the accident; (2) if Franco was on his cell phone or accessing Facebook or his Google account at the time of the accident, and if Franco regularly used his cell phone while driving a commercial truck for UVL; and (3) whether UVL misrepresented its policies and practices to the general public. However, Gentry's requests for production are not limited to these subject matters and are not narrowly tailored to discovery of only this information. All of the requests and Respondent's orders require Franco and UVL to produce Franco and UVL's Facebook account ESI, Google account ESI, and cell phone, without a subject matter limitation. Thus, the orders require Franco and UVL to produce all Facebook, Google Account, and cell phone information including posts, likes, pictures, groups, ads, "pokes", location history, login information, passwords, emails, etc., no matter how mundane or remote, regardless of the topic, content, or subject. Undoubtedly, much of the information that Gentry requested will be completely unrelated to the subject matter of her claims against Relators.

Discovery requests must be limited to the relevant time, place, and subject matter; requests not so reasonably tailored are overbroad as a matter of law. *See **In re Sun Coast Res., Inc.***, 562 S.W.3d 138, 147 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Because the discovery requests could have been more narrowly tailored and all four requests were overly broad, we hold that Respondent abused his discretion by signing the July 30 and August 4 orders without limitation. *See **In re Indeco Sales, Inc.***, 09-14-00405-CV, 2014 WL 5490943, at *2

7

(Tex. App.—Beaumont Oct. 30, 2014, no pet.) (mem. op.); *see also **In re Christus Health Se. Tex.***, 399 S.W.3d 343, 347 (Tex. App.—Beaumont 2013, no pet.).[8]

**DISPOSITION**

Having concluded that Respondent's three July 30 orders and August 4 order are overly broad because they are not appropriately limited in subject matter, we hold that Respondent's orders constitute an abuse of discretion. Because mandamus relief is available to correct Respondent's actions, we ***lift the stay*** previously imposed in this case, and we ***conditionally grant mandamus*** relief. We trust Respondent will promptly vacate his July 30 orders and August 4 order. The writ will only issue if Respondent fails to comply with the court's opinion and order ***within ten (10) days after the date of the opinion and order.*** Respondent shall furnish this court, within the time for compliance with the court's opinion and order, a certified copy of its order evidencing such compliance.

**BRIAN HOYLE**
Justice

Opinion delivered January 29, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[8] Because we have held all four of the Respondent's orders to compel production to be overbroad and an abuse of discretion, we need not address Relators' arguments that the order compelling production of Franco's cell phone violates his constitutional privacy rights and further, that Respondent abused his discretion because Gentry did not comply with the procedures set forth in ***In re Weekley Homes***, 295 S.W.3d 309 (Tex. 2009). *See* TEX. R. APP. P. 47.1. For the same reason, we need not address Relators' argument that Respondent abused his discretion by ordering Relators to produce data that was not included within the scope of Gentry's original request for production, i.e., Franco's Facebook ESI from January 1, 2004 to present. ***Id.***



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# *ORDER*

JANUARY 29, 2021

NO. 12-20-00196-CV

**IN RE: UV LOGISTICS, LLC D/B/A UNITED VISIONS LOGISTICS F/K/A DYNASTY TRANSPORTATION, LLC, DAVID A. FRANCO, JR., FRANCO TRANSPORTATION, FRANCO TRANSPORTATION, LLC AND VTL WC ACQUISITION LLC,**
Relators
V.

**HON. WILLIAM B. PORTER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by UV Logistics, LLC d/b/a United Visions Logistics f/k/a Dynasty Transportation, LLC, David A. Franco, Jr., Franco Transportation, Franco Transportation, LLC and VTL WC Acquisition LLC; who are the Relators in appellate cause number 12-20-00196-CV and defendants in trial court cause No. 676-17, pending on the docket of the 115th Judicial District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on August 13, 2020, and the same having been duly considered, because it is the opinion of this Court that the petition is

meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his July 30 orders and August 4 order, the writ will not issue unless the Honorable William B. Porter, Visiting Judge of the 115th Judicial District Court of Upshur County, Texas, fails to comply with this Court's order **within ten days** from the date of this order.

It is further ORDERED that the Real Party in Interest, **PAULA GENTRY**, pay all costs incurred by reason of this proceeding.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*